## Smith, Appellant, *v.* Vernon Township.

*Road law—Contract—Care of roads—Township—Minute of township
supervisors—Evidence.*

In an action against a township to recover the cost of repairing a
township road, plaintiff offered in evidence a minute of the supervisors
which was in effect that at a meeting on a particular date, plaintiff was
present "and was authorized to repair the macadam road, the work
to be done under the supervision of the state highway department."
The defendant offered evidence tending to show that plaintiff appeared
before the board, represented that he had a contract with the state
highway department to repair the road in question, that he asked
permission as a matter of courtesy from the board to begin work, and
that he would do it whether they consented or not. There was further
oral proof that the supervisors granted the plaintiff the permission he
asked, with the understanding that the township was only to be liable
for one-fourth of the costs of the repairs. There was evidence that the
plaintiff's statement that he had a contract with the state highway
department was not true. There was also evidence that he had re-
ceived one-quarter of the costs from the supervisors, and said in sub-
stance that this squared him with the township. *Held*, (1) that the
minutes of the supervisors did not show a contract between the plain-
tiff and the township; (2) that oral testimony as to the real transaction
was properly admitted; and (3) that a verdict and judgment for the
defendant township should be sustained.

Argued April 15, 1913.   Appeal, No. 158, April T.,
1913, by plaintiff, from judgment of C. P. Crawford Co.,
Sept. T., 1909, No. 118, on verdict for defendant in

142    SMITH, Appellant, *v.* VERNON TOWNSHIP.

case of Gaylord Smith v. Vernon Township. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit to recover the costs of repairing a public road. Before PRATHER, P. J.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were various rulings on evidence and instructions.

*Frank J. Thomas*, with him *A. L. Thomas*, for appellant.—We submit that it was error on the part of the court to admit parol testimony as to the contract with the plaintiff for the repair of the road in question, which said parol testimony made a new and entirely different contract from that shown by defendant's minutes and contended for by plaintiff: Climax Road Machine Co. v. Allegheny Twp., 10 Pa. Superior Ct. 437; Roland v. School Dist., 161 Pa. 102; Jordan v. Osceola County, 59 Ia. 388 (13 N. W. Repr. 344); Gould v. Norfolk Lead Co., 157 Am. Dec. 50; Howlett v. Holland, 72 Mass. 418.

*Wesley B. Best*, with him *James R. Andrews* and *George F. Davenport*, for appellee.—If the minutes of corporate bodies be defective or ambiguous they may be supplemented or explained: State v. Kennedy, 69 Conn. 220 (37 Atl. Repr. 503); Langsdale v. Bonton, 12 Ind. 467; Darlington v. Com., 41 Pa. 68; Sidney School Furniture Co. v. Warsaw Township School District, 158 Pa. 35; Indianapolis v. Imberry, 17 Ind. 175; Hamil v. Supreme Council of R. A., 152 Pa. 537; Rose v. Independent Chevra Kadisho, 215 Pa. 69.

OPINION BY MORRISON, J., July 16, 1913:

This action of assumpsit was tried three times in the court below and the last trial resulted in a verdict in favor

of the defendant.    On motion for a new trial the court below granted a rule to show cause and on consideration discharged the same and on payment of the jury fee, judgment was entered in favor of the defendant on the verdict, and the plaintiff appealed.

The learned counsel for the appellant state the question involved as follows: "Where the minutes of a board of township supervisors show that, by resolution duly passed, plaintiff was authorized to make repairs on one of its highways, can the township defend against an action to recover for making said repairs on the ground that the contract was, that the township was to pay for but one-fourth of the same?"

The first nine assignments of error rest on the same offer of oral testimony.    The point is raised by appellant's counsel that the record only shows an objection and exception to the testimony of C. W. Williams (first assignment).    And that the testimony of the other eight witnesses, on which eight assignments of error are based, was taken without objection and exception, and that the counsel for appellant have erroneously printed their objection and exception to the testimony of C. W. Williams as a part of each of the other eight assignments of error.    The record appears to sustain this point because it does not show that an objection and exception were taken to the testimony of the eight witnesses following C. W. Williams. And, therefore, the counsel were not warranted in printing the objection and exception to his testimony in support of the other eight assignments.    But the offer and purpose of the testimony of each of the nine witnesses was precisely the same and we do not see that any serious harm arose from the error of appellant's counsel.

The first assignment of error, with the objection, ruling of the court and exception squarely raises the same question sought to be raised in each of the other eight assignments.    The first assignment has been duly considered and our conclusion is that it is without merit, but as the record stands the following eight assignments are not

sufficient to bring before us for review the testimony referred to in said assignments. The tenth, eleventh and twelfth assignments are excerpts from the charge and we do not consider that they present reversible error.

The remaining five assignments are to the defendant's five points and the answers thereto by the court and we do not think they disclose reversible error. We think the case was properly tried; that the oral testimony objected to was clearly competent and that the case was submitted to the jury in a charge which was clear, adequate and impartial.

The substance of the contention of appellant's learned counsel is that the minute of the supervisors of the defendant township shows the contract between the appellant and appellee and that the former could show that he performed his part of the contract by repairing the macadam road and by proving the value of the repairs and that the defendant could not make the defense by oral testimony, which the learned court below permitted it to make, without showing accident, fraud or mistake in the minute of the supervisors of the appellee. This contention requires us to consider the minute on which the appellant's learned counsel base their contention. The exact proposition of appellant's counsel, as stated by them during the trial, is as follows: "The court erred in admitting testimony on the part of the defendant as to any contract other than the one set forth in the minutes of the defendant township of April 4, 1908." The whole of that minute, as read into the record by appellant's counsel, is, under date of April 4, 1908, as follows: "Gaylord Smith was present and was authorized to repair the macadam road in Kerrtown, the work to be under the supervision of the state highway department." There was ample oral testimony offered, received and referred to the jury from which it could be found that Gaylord Smith appeared before the board of supervisors of Vernon township on April 4, 1908, and represented to them that he had a contract with the state highway department to repair

the macadam road in said township and that he came out of courtesy to the board to notify them of the same and to ask their permission to begin the work; that he informed them that he would proceed with the repairs whether they consented to the same or not and that the repairs would be supervised by the state highway department; that the board of supervisors simply granted him the permission he asked, with the understanding that the township would only be liable for one-fourth of the cost of the repairs of the road.

We consider it a serious mistake for the learned counsel to contend that the minute of the supervisors established a contract between the appellant and the appellee and that the court below erred in permitting the appellee to substitute, by oral testimony, a different contract. The minute of the supervisors does not show a contract; it simply shows that the supervisors granted permission to the appellant to repair the highway under the supervision of the state highway department. And there was ample oral testimony that this minute was made on the representation of appellant that he had made a contract with the state highway department and that he would do the work whether the board of supervisors granted the permission he asked of them or not. And further, that the job would only amount to about $500 and that the state would pay him three-fourths of this and he would only look to the supervisors of the township for the one-fourth of the amount of the repairs. There was also evidence from which the jury could find that the alleged representation of the plaintiff that he had made a contract with the state highway department was not true, and these facts, if found by the jury, justify an inquiry, by oral testimony, as to what the appellant said and did to induce the appellee's supervisors to make the minute of April 4, 1908.

We have construed the minute of April 4, 1908, as permission to appellant to repair the macadam road. In view of the facts which the jury could and evidently did

find from the evidence as to what took place between the appellant and the supervisors which induced the making of the minute in question, we advisedly hold that it ought to be construed as permissive and not authoritative. It is too evident to require argument that what the appellant sought and the supervisors meant to grant was permission rather than authority in its broadest sense.

When the appellant claimed that he had completed the repairs of the highway he presented his bill of more than $1,400 to the supervisors of the appellee and they paid him one-fourth of it and there is evidence in the record for the jury that he said in substance that this squared him with the township. It seems unreasonable for counsel to contend that appellant could procure permission to repair the highway, as shown by the minute of April 4, 1908, and then prove that he had made the repairs and the value of the same, and then shut out all oral testimony tending to show the real transaction and what the appellant said and did to secure the permission indicated by the minute.

It is so obvious to us that this case was tried by the learned court below on the correct theory and that it was fairly and properly submitted to the jury and that there is no merit in the assignments of error that it is not deemed necessary or profitable to discuss and distinguish the numerous authorities cited by appellant's learned counsel. None of the authorities cited and none that we find sustain the appellant's contention that the minute of April 4, 1908, required the trial judge to exclude all oral testimony tending to show the real transaction between the parties which induced the making of said minute.

The six judges who sat at the argument of this case agree to the affirmance of the judgment.

The assignments of error are all dismissed and the judgment is affirmed, at the cost of appellant.